1
2
3
4                       UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7   MARIA KHARITONOVA,                    Case No. 26-cv-01362
8                 Petitioner,
                                          **ORDER GRANTING PETITIONER'S**
9           v.                            **EX PARTE MOTION FOR**
                                          **TEMPORARY RESTRAINING**
10  SERGIO ALBARRAN, Field Office         **ORDER; AND ORDERING THE**
    Director of the San Francisco Immigration   **IMMEDIATE RELEASE OF**
11  and Customs Enforcement Office; TODD  **PETITIONER**
    LYONS, Acting Director of United States
12  Immigration and Customs Enforcement;  Re: ECF Nos. 1, 2
    KRISTI NOEM, Secretary of the United
13  States Department of Homeland Security,
    PAMELA BONDI, Attorney General of the
14  United States, acting in their official
    capacities,
15
                  Respondents.
16

17          Earlier today, February 13, 2026, Petitioner Maria Kharitonova, a 66-year old woman with

18  no criminal history in any country, who was legally admitted to the United States more than dozen

19  years ago and has a pending asylum petition, was arrested and detained without warning by

20  Immigration and Customs Enforcement ("ICE") officers.  The officers did not have a warrant, nor

21  is the Court aware of any exigent basis for Ms. Kharitonova's arrest.

22          Ms. Kharitonova has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241

23  (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that she is

24  being unlawfully confined in violation of the Constitution and laws of the United States.  The

25  Court finds that the requirements for issuing a temporary restraining order without notice pursuant

26  to Federal Rule of Civil Procedure 65(b) are met.  The Court also finds that Petitioner is likely to

27  succeed on the merits of her claims.  The Court GRANTS Petitioner's Ex Parte Motion for

28  Temporary Restraining Order to preserve the status quo pending further briefing and a hearing on

United States District Court
Northern District of California

1    this matter.  ECF No. 2.  The Court **ORDERS** that the United States **IMMEDIATELY**

2    **RELEASE PETITIONER FROM CUSTODY TODAY, FEBRUARY 13, 2026**.

3    **I.      BACKGROUND**

4            Petitioner Kharitonova is a 66-year-old, full-time nanny for a family in San Francisco.  She

5    manages her significant health challenges by taking two medications twice daily.  Petitioner was

6    arrested by ICE officers at around 9 a.m. on Friday, February 13, 2026, outside her employer's

7    home as she walked to work.  The officer provided neither an arrest warrant nor an explanation for

8    her arrest, other than she was "in removal proceedings."  Her counsel understands her to be

9    currently detained 630 Sansome Street in San Francisco.

10           Petitioner Kharitonova has been in removal proceedings for over ten years.  Petitioner was

11   lawfully admitted to the United States on a visitor visa on December 5, 2012.  She applied for

12   asylum on July 18, 2014, and has an asylum hearing scheduled on December 22, 2026.  The

13   government started to process her asylum application, took her biometrics, referred her asylum

14   case to the Executive Office for Immigration Review ("EOIR"), and has advised her to appear at

15   multiple hearings over several years.  She has attended all scheduled hearings, resided

16   continuously in the United States, and has strong community ties to the San Francisco Bay Area.

17   Petitioner has no criminal history in the United States or anywhere else.

18   **II.     ANALYSIS**

19           The Court has reviewed Ms. Kharitonova's petition.  To the Court, it is inexplicable why a

20   66-year-old woman who has been here since 2012 and has no criminal history has been detained

21   without a hearing.  The Court finds that the requirements for issuing a temporary restraining order

22   without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case.  Petitioner's

23   attorney has set out specific facts showing that immediate and irreparable injury, loss, or damage

24   may result before the adverse party can be heard in opposition.

25           The Court finds that Petitioner has shown at least that there are "serious questions going to

26   the merits" and that "the balance of hardships tips sharply" in her favor.  *Friends of the Wild Swan*

27   *v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014).  Under the Due Process Clause of the Fifth

28   Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or

*United States District Court*
*Northern District of California*

2

United States District Court
Northern District of California

1  property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—

2  from government custody, detention, or other forms of physical restraint—lies at the heart of the

3  liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v.*

4  *Louisiana*, 504 U.S. 71, 80 (1992)).

5      This Court finds that the three factors relevant to the due process inquiry set out in

6  *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the

7  official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of

8  additional or substitute procedural safeguards," and "the Government's interest, including the

9  function involved and the fiscal and administrative burdens that the additional or substitute

10  procedural requirement would entail," *id.* at 335—require that Petitioner be immediately released

11  from custody, and that she be given notice and a pre-detention hearing before a neutral

12  decisionmaker prior to being taken back into custody. Petitioner has a substantial private interest

13  in remaining out of custody, which would allow her to take her medications, care for herself, and

14  to continue her employment. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

15  **III.    CONCLUSION**

16      Accordingly, the Court hereby **GRANTS** Petitioner's Motion for a Temporary Restraining

17  Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court

18  determines that security is not required.

19      To provide an opportunity for a fair and orderly consideration of this matter and resolve

20  any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby

21  **ORDERED** as follows:

22      • Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER**

23        **FROM CUSTODY TODAY, FEBRUARY 13, 2026.** Respondents are

24        ENJOINED AND RESTRAINED from re-detaining Petitioner without notice and a

25        pre-deprivation hearing before a neutral decisionmaker, and from removing her

26        from the United States. Petitioner shall not be deported, removed, or otherwise

27        transferred outside the United States until further Order of this Court.

28      • Respondents shall answer or otherwise respond to the Petition later than February

17, 2026.  Respondents are DIRECTED to address in their response why their actions are not enjoined and in direct violation of this Court's and other recent decisions by courts around the nation, including the preliminary injunction issued in *Garro Pinchi v. Noem*, No. 25-cv-05632 PCP, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025).  In addition, Respondents are DIRECTED to report the exact time on February 13, 2026, that Petitioner was released in a status report filed no later than noon on February 14, 2026.

- The Court will hold a hearing on Petitioner Kharitonova's motion on **Thursday, February 19, 2026 at 10:00 a.m.**  The hearing will be conducted via Zoom video conference.

- In the time before the hearing, the parties are ORDERED to meet confer to see if they can resolve this matter without further judicial intervention.

**This Order shall remain in effect until February 19, 2026, at 8:00 p.m.**  The Clerk of the Court shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: February 13, 2026

Noël Wise
United States District Judge

4